IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Joel Demary, | ) | Case No. 3:22-cv-04666-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| | ) | |
| Jim Hudson Buick Pont GMC Saab, Inc., | ) | |
| | ) | |
| Defendant.[1] | ) | |
| _____ | ) | |

This matter is before the Court upon Plaintiff's Motion to Remand. ECF No. 6. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings and a Report and Recommendation ("Report"). On January 3, 2023, the Magistrate Judge issued a Report recommending that the Motion be denied. ECF No. 11. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. Plaintiff filed objections to the Report and Defendant filed a reply. ECF Nos. 13, 15. Accordingly, the Motion and the Report are ready for review.[2]

---

[1] The Court notes that Plaintiff has now filed an Amended Complaint naming a different entity as Defendant. The Court uses the previous caption for consistency with the Magistrate Judge's Report and Recommendation.

[2] After the Report was issued, the Magistrate Judge granted Defendant's Motion to Set Aside Entry of Default. ECF No. 18.

**APPLICABLE LAW**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. See *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of atimely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

**DISCUSSION**

The Magistrate Judge provides a thorough recitation of the relevant facts and applicable law which the Court incorporates by reference. Essentially, the parties dispute when Defendant was properly served with a copy of the Complaint. Plaintiff asserts that service of process was completed on September 14, 2022; accordingly, the removal to the Court on December 27, 2022, was untimely. Defendant argues that removal was timely.

Upon de novo review of the record, the applicable law, and the Report of the Magistrate Judge, the Court agrees with the Magistrate Judge's conclusion that this action

was timely removed. While Plaintiff contends that he properly served Defendant's registered agent on September 14, 2022,[3] the Court finds that there is no evidence in the record that this attempt at service complied with the South Carolina Rules of Civil Procedure.[4] Accordingly, Plaintiff's objections as to this issue are overruled.

Further, the Court agrees with the Magistrate Judge's conclusion that removal was possible even though the state court had entered default against Defendant. Specifically, the Court finds that persuasive authority supports the Magistrate Judge's conclusion. *See, e.g., Cox v. Sprung's Transp. & Movers, Ltd.*, 407 F. Supp. 2d 754, 757 (D.S.C. 2006) ("As an initial matter, 'it is well established that a federal district court has jurisdiction to consider a motion for relief from an order of default entered in state court.'" (quoting *Hawes v. Cart Prod., Inc.,* 386 F.Supp.2d 681, 689 (D.S.C. 2005)). Accordingly, Plaintiff's objections as to this issue are overruled.

## **CONCLUSION**

Based on the foregoing and upon de novo review of the record, the applicable law, and the Report, the Court agrees with the recommendation of the Magistrate Judge. Plaintiff's Motion to Remand [6] is **DENIED**.

IT IS SO ORDERED.

---

[3] With respect to any argument that Defendant was on notice of this lawsuit based on Plaintiff's counsel's communications with Defendant's former counsel, those communications could certainly not be considered formal service of process. The Court adopts and incorporates the Magistrate Judge's discussion of this issue into this Order by reference. *See* ECF No. 11 at 4.

[4] The Court also finds that Plaintiff's inferences that Defendant's registered agent received a copy of the Complaint on September 17, 2022, are insufficient to defeat the registered agent's sworn statements. *See* ECF No. 1-1 at 36–38.

June 16, 2023                                                 s/ Donald C. Coggins, Jr.
Spartanburg, South Carolina                 United States District Judge